SIL BLACK ET AL. v. WM. A. GOODMAN, JR., TR., ET AL.

1. MOTION FOR JUDGMENT NOT PROPER REMEDY TO DETERMINE ERROR IN MOTION TO MAKE DEFINITE AND CERTAIN.

An order overruling a motion to make definite and certain, may constitute reversible error but cannot be determined on a motion for judgment on the pleadings; a petition in error is the proper procedure in such case.

2. MOTION TO STRIKE PLEADING FROM FILES TESTS FORM AND REGULARITY OF FILING.

Motion to strike answer and cross petition from the files tests the correctness of its form and regularity of its filing; hence, if it appear from the pleading that it is frivolous or filed for purpose of delay the motion lies, but if it contains a good defense or states a good cause of action, it is immaterial that it was not filed in good faith or for purposes of delay.

ERROR to common pleas court.

24 O. C. C.  Vol. 32.

Hamilton County.

*Murray M. Shoemaker,* for plaintiff in error.

*Healy, Ferris & McAvoy,* for defendant in error.

**GIFFEN, P. J.**

The bill of exceptions having been stricken from the files, the defendants in error move the court for a judgment in their favor "upon the pleadings and record herein."

The first ground of error alleged is in overruling the motion of plaintiff in error for defendants in error to make their petition definite and certain. This is held to be reversible error in the case of *New York, C. & St. L. Ry.* v. *Kistler,* 66 Ohio St. 326 [64 N. E. Rep. 130], but whether the motion was in fact well founded must be determined when the case comes on to be heard upon the petition in error and can not be summarily disposed of on motion for judgment.

Another error alleged is in granting the motion of defendants in error to strike the answer of plaintiffs in error from the files.

The office of a motion to strike a pleading from the files is to test the regularity connected with the filing, as when filed after the time allowed by statute, or the form of such pleadings as when not verified, its office is not to inquire into the merits of the case either in law or in fact. *Finch* v. *Finch,* 10 Ohio St. 501, 505.

If the answer and cross petition is frivolous and was filed for the purpose of delay merely, as stated in the motion, and all this appears from the pleading itself, the motion was properly sustained; but if the answer contains a good defense, or the cross petition a good cause of action, it is immaterial whether filed in good faith or for purposes of delay only, and the motion should have been overruled. *Hamilton, G. & C. Trac. Co.* v. *Parish,* 67 Ohio St. 181 [65 N. E. Rep. 1011; 60 L. R. A. 531].

In either event this is not the mode provided by statute for reviewing a case on error, and the motion for judgment will be overruled.

**Smith** and **Swing, JJ.,** concur.